In re MURRAY'S ESTATE.

In re McBRIDE

(Supreme Court, Appellate Division, First Department. June 5, 1896.)

1. AFFIRMANCE ON APPEAL—PROCEEDINGS BELOW.
   An order of the general term affirming an order of the special term requiring an attorney to turn over money collected by him cannot be questioned at the special term on application for its enforcement.

2. ATTORNEY—REFUSAL TO OBEY ORDER—CONTEMPT.
    An attorney who willfully refuses to obey an order requiring him to pay into court money alleged to have been collected by him, without showing that the money was not in his possession, or that he was unable to comply with the order, will be committed for contempt.

Appeal from special term, New York county.

Application by Mary McBride, as administratrix of the estate of Bridget Murray, deceased, for an order directing Henry G. Harris to pay over money collected by him as attorney. From an order granting the application, Harris appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

H. G. Harris, for appellant.
Frederick K. Clark, for respondent.

PER CURIAM. On May 31, 1895, Mary McBride, as administratrix of the estate of Bridget Murray, applied for an order directing the appellant, Henry G. Harris, to pay certain moneys collected by him as an attorney. Upon that application an order was entered directing the said Harris to deposit the sum of $87.96 in court to the credit of Mary Callan, to be paid to her or to her order. The papers on which this order was entered are not before the court. The appellant here, however, appealed to the general term from that order of the special term of the supreme court, and on that appeal the general term affirmed that order. 35 N. Y. Supp. 689. That order directed the appellant to pay into court the sum of $87.96 as money which he as an attorney of this court had collected for his client, and which a decree of the surrogate had awarded to Mary Callan, who was represented in this proceeding by Mary McBride, as administratrix of Bridget Murray. On this proceeding we have nothing to do with the validity of that order of the special term. And it would be subversive of the proper administration of justice to allow an order which has been once affirmed by the general term to be questioned collaterally at the special term on an application for its enforcement.

The appellant having refused to obey the order of the special term affirmed as aforesaid, a motion was made at special term for a commitment, and the appellant, without alleging his inability to comply with this order, without alleging that he had not in his possession at this time the money of his client which he had collected as her attorney, willfully and defiantly refuses to comply with the order. It is perfectly apparent that he is in willful contempt in refusing to turn over a fund in his hands, collected and held by him as attorney, as directed by the court. If this court expects to have the slightest respect entertained for its orders and judgments, a case is presented which must be summarily dealt with. The order which was entered below directed that, unless the said Harris deposited the said sum of $87.96 into court, to the credit of Mary Callan, within three days after service of this order at the office of said Harris, on affidavit of such default, or any part thereof, a close commitment issue directing

the sheriff to confine the said Harris in the county jail of this county as for contempt, until further order of the court. We think this order should be amended by providing as follows: It is ordered that the said Henry G. Harris be adjudged to be in contempt of court for refusing to comply with the order of the special term of the supreme court entered on the 31st day of May, 1895, whereby he has failed and refused to deposit in court the sum of $87.96, with interest thereon, as provided for in said order. It is further ordered that a commitment issue directing the sheriff to confine the said Harris in the county jail of this county as and for such contempt until he shall comply with such order, and pay into court the said sum of $87.96, with interest thereon from June 2, 1892. And that said order as so amended be affirmed, with $10 costs and the disbursements of this appeal.

