(39 Misc. Rep. 647.)

### PEOPLE v. AMERICAN LOAN & TRUST CO.

(Supreme Court, Special Term, New York County.   January, 1903.)

1. INSOLVENT CORPORATION—RECEIVER—SUBMISSION OF CLAIM.
    The court may, at any time before final distribution by the receiver in an insolvent corporation, allow the claimant to come in and enforce his rights.

2. SAME—DISTRIBUTION OF FUND.
    The Special Term will follow the method fixed by the Appellate Division for the distribution of the funds in the hands of a receiver of an insolvent corporation.

3. SAME—REFEREE'S REPORT.
    Where a creditor of an insolvent corporation has not appeared before a referee appointed to state the account of the receiver, he is not entitled to notice of the filing of the referee's report.

4. SAME—STAY OF DISTRIBUTION.
    On settlement of the terms of the final distribution of a fund in the hands of a receiver of an insolvent corporation, a ruling allowing preferred claimants interest from the receiver's appointment was reversed by the Appellate Division and the Court of Appeals.   This part of the fund was thereafter divided among four unpreferred creditors.   *Held,* that where a fifth unpreferred creditor, who had been represented on an appeal from the order confirming the report, and had been refused by the

---

¶ 1. See Corporations, vol. 12, Cent. Dig. § 2281.

Appellate Division leave to appeal to the Court of Appeals, was thereby excluded from sharing in the funds, and had suffered an injustice, the Supreme Court, while distributing the fund in accordance with the decision of the Appellate Division, will grant a stay on condition that security be given the four unpreferred creditors.

Action by the people against the American Loan & Trust Company. Application for final order of distribution by the receiver of funds on dissolution of defendant corporation. Order entered.

Edward S. Hatch, for Thomas P. Wickes, receiver of Coffin & Stanton.

C. H. & J. A. Young, for estate of Darius Seacord.

O. P. Metcalf, for Manufacturers' & Traders' Bank of Buffalo and others.

Clarence E. Thornall, for Edward F. Browning and others.

Opdyke, Willcox & Bristow, for J. Edward Simmons as receiver of the American Loan & Trust Co.

James Dunne (Charles W. Dayton, of counsel), for Louise B. O'Connor and others.

Barclay E. V. McCarty, for Euphemia A. Hawkes, executrix.

Ritch, Woodford, Bovee & Wallace, for Union Dime Savings Institution.

Parsons, Closson & McIlvaine, for Thomas G. Ritch and others, executors, etc., of the late Daniel B. Fayerweather, deceased.

FITZGERALD, J. This is an application for a final order of distribution of the balance remaining in the hands of the receiver appointed in an action dissolving the defendant corporation, as found by the report of a referee taking and stating the receiver's account, and which balance, pursuant to the terms of an order of this court previously made herein, confirming the report of said referee, is retained by the said receiver. A similar application was made to this court some months ago, with the result that the final report of the referee was confirmed, and the accounts of the receiver allowed as therein taken and stated, but the actual distribution of the fund with which the receiver was charged by the said report, and by the order of this court made thereon, was stayed until the decision, by the Court of Appeals of appeals (65 N. E. 200) allowed by the Appellate Division from its order (75 N. Y. Supp. 563) modifying, and affirming as modified, the order of the Special Term (73 N. Y. Supp. 584) which had modified, and confirmed as modified, the second report of the referee taking and stating the receiver's account. The Court of Appeals, to which the matter was presented by permission of the Appellate Division, on certified questions involving the allowance of interest on the claims of preferred creditors of the defendant corporation, and on the dividend to be paid a specific claimant (Wickes, as receiver, etc.), has since rendered its decision upon the appeals allowed and heard. The receiver therefore makes this application for the order of final distribution, upon what he states to be the record, consisting of the order of the Special Term, above referred to, confirming the final report of the referee; the opinion and order of the

Court of Appeals upon the appeals above referred to; the Appellate Division's order making the order of the Court of Appeals the order of this court; the original order of reference; the first report of the referee, and the order of this court confirming the same; the second report of the referee, the exceptions of various creditors thereto, and the order of this court in part confirming and in part modifying said report; the order of the Appellate Division modifying in part and in part affirming the order last referred to; the referee's final report, and the notices of appearances and demand served by contesting unpreferred creditors, who, · upon the motion for final distribution of the fund, for the first time appeared by attorney.   On the other hand, the application is opposed by many unpreferred creditors, who object to the distribution provided for in paragraph 3 of the proposed order accompanying the notice of motion, and now submitted, by which the sum in the hands of the receiver, which would have gone to the preferred creditors of the defendant corporation by way of interest under the terms of the referee's second report, is divided proportionately among those four unpreferred creditors who were ascertained by the order of the Appellate Division as having alone excepted to the said report, and who desire, for the reasons set forth in their many opposing affidavits, that the funds in the hands of the receiver be deposited in court, or that the payment thereof to creditors be stayed, or that the actual distribution thereof be otherwise postponed, until the rights of such opposing unpreferred creditors may be fully and finally determined.   The direction in the proposed order, and the actual distribution in accordance therewith, to which objection is so vigorously made, is identical with that made by the Appellate Division in its order modifying, and affirming as modified, the order of the Special Term modifying, and confirming as modified, the second report of the referee on the receiver's accounting; and the award by the appellate court of the fund in question to the unpreferred creditors who had filed proper, specific, and timely exceptions to that report, and who were represented upon the appeal from the order modifying, and, as modified, confirming, that report, to the entire exclusion of all other unpreferred creditors, was based upon the facts, referred to by the appellate court in its opinion, "that the other unpreferred creditors have not pressed their claims, nor put themselves in an attitude to receive the benefit of the ruling now made, or to review that of the referee."   Now, however, that an actual and final distribution is about to be made, the unpreferred creditors, to whose failure or omissions the appellate court called attention in the language above quoted, appear in opposition, contending in the affidavits now presented that, if they never excepted to the findings of the referee's second report, it was solely because they had never received notice of the filing thereof, and, if they were not represented on the appeal from the order made upon the motion for the confirmation of that report, it was solely because they never were served with notice of such appeal.   They therefore now insist that their time to file exceptions to said report has never been limited, because it has never begun to run by the service upon them of notice of filing,

and that the order made upon appeal did not bind them, because they had no notice of, and were not parties to, the proceedings on appeal; and they therefore oppose the distribution of the fund until, by the filing, hearing, and determination of their exceptions, they may be included in the class of unpreferred creditors to whom the appellate court has awarded the fund in question. In addition to these many creditors, another (Hawkes, as executrix) contends, in opposing affidavits, that, like the unpreferred creditors to whom the Appellate Division awarded the fund, she filed proper and timely exceptions to the referee's second report, and was represented upon the appeal from the order made upon the motion for the confirmation of that report, but was excluded from participation in the said fund by the order of the Appellate Division, and could not have her rights therein heard and determined by the Court of Appeals upon the appeal to that court above referred to; and she asks that pending the determination of an appeal which she intends to take from the final order of distribution, and to which she claims to be entitled as a matter of right, and upon which a full and final adjudication of the reciprocal rights and liabilities of all the parties with respect to the fund in question may be made, the actual distribution be stayed, or, by the deposit of the fund in court or otherwise, postponed. In support of these contentions she submits affidavits reciting the above facts, and referring to and incorporating practically the entire record of the proceedings had in this action.

The hearing of the counsel for the excluded unpreferred creditors, and the reception and consideration, upon this application, of their opposing affidavits and papers, were opposed by the unpreferred creditors to whom the fund in question was awarded upon the grounds that the application is made exclusively upon the judicial record, and that this court is limited, in finally disposing of the fund, to the entry of an order in accordance with the directions of the orders of the Appellate Division and of the Court of Appeals. I am mindful of the fact that these opposing affidavits were received only upon the understanding that, if they were to be considered, the receiver and the successful unpreferred creditors should have an opportunity to examine them, and to reply if desirable. First deciding the preliminary question thus raised, I think it proper to note the appearances and arguments of the counsel for the excluded unpreferred creditors, and to receive, consider, and recite their opposing affidavits and papers; and I do not think that any answering affidavits on the part of the receiver and of the other unpreferred creditors could secure a fuller recognition and enforcement of their rights than I have decided to make upon the determination of this motion, for I have not been content to examine the meager record referred to in the notice of motion, but have scrutinized the entire record in the action, and am thus acquainted with the facts to which answering affidavits would call attention. The application is made to the court, as a court of equity, to secure the final distribution of a fund in the hands of one of its officers, and in which many persons have an enforceable interest. Though it may be that the court, in making

its order of distribution, must necessarily follow the plan determined by the appellate courts, yet, when about to dispose of that fund beyond redemption, it should not fail to hear claimants complaining of the plan proposed, and especially when the regularity of the proceedings in which that plan was adopted, and the jurisdiction of the courts by which that distribution was ordered, are, so far as concerns said claimants, denied or attacked. In a proceeding of this kind, involving assets of great value, concerning a great number of differently classified creditors, and requiring frequent judicial proceedings, many of which may be practically ex parte, it is not unlikely that claimants may not have been given the notice or received the service of the papers to which they are entitled—questions which could not ordinarily be raised before an appellate tribunal, and to which such a court could not be expected to give its attention. It has been invariably held, and has been the frequent practice of this court, that in proceedings of this kind a claimant may come in and be heard, and enforce his rights in the fund, at any time before final distribution, upon such terms as the court deems just. And it is both just and proper, upon this application for a final order, to an appeal from which the unsuccessful parties would be of right entitled, to note the appearances and record the opposing papers of all contending parties, that the parties may have, and the court may give, upon that appeal, a full, final, and conclusive determination of all the issues raised. This course is, so far as the claimant Hawkes is concerned, further justified by the statement of the Court of Appeals, at the end of its opinion, that as it is unable to relieve the said claimant from the alleged injustice of being excluded by the Appellate Division, even as an unpreferred creditor, because she did not appeal, and because no question concerning her rights had been certified, she "must await the issue of another remedy." If, pending resort to that other remedy, the receiver moves for an order finally and fully distributing the funds, beyond redemption, and by which the rights of that claimant would be irreparably affected, shall her opposition not be heard or recorded? Such a contention would be inconsistent with equitable administration. Now, if, by entertaining her opposition to this final motion, she may pursue the remedy suggested, and the court may make a final adjudication, from which she may appeal as a matter of right, and upon which appeal her rights may be fully and for all time determined, shall she be refused hearing? Such a course might work irreparable injury, and would cause further litigation. This was evidently the view taken by the Special Term upon the first motion for the confirmation of the referee's final report, when, upon motion of said creditor, it resettled its order by reciting her appearance in opposition, and the opposing papers referred to and submitted by her, which comprised all the papers incorporated in the affidavit now submitted by her counsel, with the exception of those founded upon the subsequent proceedings in the Court of Appeals. For these reasons, the appearance in opposition of all the excluded unpreferred creditors who appeared upon the argument should be noted in the order, and their opposing

papers recited therein—after, however, the other unpreferred creditors have, if they insist, examined the same, and, if they deem it necessary, replied thereto, all of which may be considered upon the settlement of the order.

Upon the merits of the application, I think that, in finally directing distribution, this court can only adopt the plan directed by the Appellate Division, and order that the portion of the balance in the hands of the receiver which would have gone to the preferred creditors by way of interest, under the terms of the referee's second report, should be paid pro rata to those unpreferred creditors, only, whom the Appellate Division ascertained and named as having alone excepted to the said report. I feel compelled to regard all the facts set forth in the opposing affidavits and arguments as reasons rather for a delay in directing distribution, than for making a change in that already directed by a higher court. As said in Matter of McBride, 6 App. Div. 376, 39 N. Y. Supp. 579:

"It would be subversive of the proper administration of justice to allow an order which has once been affirmed by the General Term to be questioned collaterally at Special Term, on the application for its enforcement."

It is contended by counsel for the Seacord estate, one of the excluded claimants, that the decision of the Appellate Division, so far as it affects the rights of the unpreferred creditors who did not file exceptions, is purely dictum. Irrespective of the opinion of that court, it cannot, however, be properly said that its explicit order, adhered to persistently, notwithstanding different motions for reargument and resettlement, is entitled to no more weight than a mere dictum. The counsel for the said claimant truly says that the statute nowhere specifies upon what parties the notice of filing of a referee's report shall be served; that in such proceedings the great majority of creditors are always represented by attorneys; and that, when they are not served with notice of filing a report, they cannot be expected to file exceptions within the time limited therefor by the rule. But I must assume that in making the disposition of the fund in question among those unpreferred creditors who had filed timely exceptions to the report, and in adhering to that disposition by denying subsequent motions for reargument and resettlement, the Appellate Division, knowing of the existence of the great number of unpreferred creditors, considered the question of the parties entitled to notice of filing the report of the referee, and to an opportunity to except thereto, and thus determined the rights gained by those who filed timely exceptions and the rights lost by those who failed to file such exceptions. This conclusion of the Appellate Division I only discuss to the extent of stating that in these proceedings there is a difference between the rights required by the presentation by a creditor of a verified claim to a receiver, and those arising from the appearance of that creditor in person or by attorney. By the former, he acquires only the right, in the absence of objection to his claim, to share in the distribution of the fund. By the latter, in addition to the presentation of his claim, he acquires, under the chancery practice, which, in the absence of express statutory procedure, governs those proceedings, the right to notice of proceedings and service of

papers, including notice of filing of the report. I have searched the entire record in vain for the recital of the appearance, in person or by attorney, at any hearing before the referee, of any of the excluded unpreferred creditors. I do not think, therefore, that they were entitled to notice of the filing of the report, and I conclude that the Appellate Division so held when it made and adhered to its determination to distribute the fund, created for the unpreferred creditors by sustaining the exceptions filed by certain unpreferred creditors, among those creditors alone who had filed such exceptions.

The claimant the Fayerweather estate, upon this application, insists that it was satisfied with the order modifying, and confirming as modified, the second report of the referee, because, after sustaining exceptions to the allowance of interest upon the preferred claims, it stated that, among the unpreferred creditors entitled to pro rata dividends upon the respective claims after payment of the commissions, expenses, and the principal of the preferred claims, was included the said claimant; and the contention is made that, as no notice of appeal from that order was ever served on the said claimant or its attorney, its rights under that order could not be disturbed. The said claimant, by a motion for resettlement of the order of the Appellate Division, presented this very point to the court, which, however, was overruled by the order denying that motion, entered December 5, 1902. It cannot, therefore, be considered here in opposition to the motion for the distribution of the fund as directed by the Appellate Court.

The claimant Hawkes, as executrix—one of the unpreferred creditors excluded from participation in the fund in question—insists, upon this motion, that, unlike all of the other opposing unpreferred creditors, but like the unpreferred creditors to whom the fund was awarded, she filed proper and timely exceptions to the report of the referee allowing interest upon the preferred claims, and was represented upon the appeal from the order made upon the motion for the confirmation of that report, and that therefore she should have been permitted to share in the distribution of the fund transferred, by sustaining these exceptions, from the preferred to the unpreferred creditors. The said claimant, when she discovered that the Appellate Division had directed the distribution exclusively among the four other unpreferred creditors who had excepted to the report, called the above facts to the attention of that court, and moved for a resettlement of its order, and subsequently for a reargument of the appeal, or for leave to appeal to the Court of Appeals. Both of those motions were denied, and, as all the facts above recited were presented and considered upon those motions, they should not now be heard to change the plan of distribution directed by the Appellate Court. It seems to me that the distribution made by the Appellate Division between the claimant Hawkes and the other unpreferred creditors who excepted to the report of the referee was due to the difference in the language of their exceptions. The former creditor excepted to the allowance of the claims of preferred creditors, as stated in paragraph 14 of the report, only in so far as any payments might

have prevented payment in full of her two preferred claims, and to the allowance of interest in paragraph 21 on the claims of preferred creditors only in so far as payments may prevent payment in full of her said preferred claims, and until her preferred claims were paid, whereas the latter creditors excepted to the allowance of any interest on the preferred claims, excepted to each and every part of paragraph 21, and specifically excepted to any part of the report as allowed any interest on claims of preferred creditors after the insolvency of the defendant, and before the surplus assets remaining after the payment of the preferred claims, with contractual interest to the date of the insolvency of the defendant, have been applied to the payment in full of the unpreferred claims. In the orderly administration of the law, under the authority above cited, and for the reasons above stated, and disclosed by an examination of the record, I am, so far as the plan of distribution is concerned, constrained to follow literally, and enforce, the order of the Appellate Division. On the other hand, I am impressed by the subsequent language of the Court of Appeals, in which Mr. Justice Vann says, for the court (172 N. Y. 371, 381, 65 N. E. 200, 202), that so far as they can see, the claimant Hawkes' complaint that injustice was done her by the decision of the Appellate Division "in excluding her even as an unpreferred creditor" seems well founded; and, sitting in an equitable proceeding, I hesitate to authorize possible irreparable injury by placing a fund in the hands of an officer of the court, beyond the reach or redemption of creditors, until a full and final determination is had by the highest court of the question whether that suggested injustice has actually been inflicted, and, if so, until it is fully overcome. A direction by this court that the fund be deposited would not suit either purpose. Its sole effect would be to release the receiver and his sureties from liability; the fund would be merely transferred to another individual official or depositary designated by the court, and would still have to be disposed of by some one in accordance with the final order of the highest court; and an order directing that deposit would in no sense be a final order, from which an appeal for the purpose of determining the rights and liabilities of all the parties could be taken as a matter of right. I think that, subject to the exception suggested below, the order of distribution should be signed as presented, but that a stay should be granted pending appeal upon condition that security for interest and costs be given the four unpreferred creditors now held to be entitled to the fund in question. If the computation is correct, and the figures could not be affected by any possible contingency to the detriment of the other parties, the order might incorporate the fair suggestion made by counsel for the four unpreferred creditors that as, in any event, $20,000 will come to those creditors, it should be paid at once. Allowances will be inserted upon settlement of order, notice of which is directed to be given to all who appeared on the argument.

Ordered accordingly.