## WILSON v. CALCULAGRAPH CO.

(Circuit Court of Appeals, First Circuit. March 27, 1907. Rehearing Denied May 1, 1907.)

**1. EVIDENCE—JUDICIAL NOTICE—RECORDS OF SAME COURT.**

The rule applied that a court is entitled to take judicial notice of its own records, especially where the facts constitute a part of the same litigation.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 62–65.]

**2. APPEAL AND ERROR—APPEALABLE ORDER—CONTEMPT PROCEEDING.**

The rule applied that an order of a Circuit Court, adjudging the defendant in a suit for infringement of a patent in contempt for violation of an injunction granted therein. and imposing a fine for the benefit of the complainant, is civil in its nature, and constitutes a part of the proceedings in the case, and, where entered after final decree, is appealable to the Circuit Court of Appeals.

**3. SAME—REVIEW—ASSIGNMENT OF ERRORS.**

Held, that the ordinary rules in reference to the limitation after mandate of the powers of a court appealed from do not apply here, because no proposition with reference to them was made in the court appealed from; and consequently the Circuit Court of Appeals declined to revise a proceeding in the Circuit Court with reference to the violation of an interlocutory injunction, which proceeding occurred after the reception of the mandate dismissing the suit.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

Frederick L. Emery (J. Stewart Rusk on the brief), for appellant. Edwin J. Prindle (Benjamin Phillips, of counsel), for appellee.

Before PUTNAM and LOWELL, Circuit Judges, and ALDRICH, District Judge.

PUTNAM, Circuit Judge. This appeal grew out of a bill in equity, filed by the Calculagraph Company against Wilson, the present appellant, alleging infringement of certain letters patent. On September 26, 1904, the Circuit Court entered in the original case a final decree in favor of the complainant, awarding an injunction and costs. From this decree an appeal was taken to us, with reference to which the citation was signed on November 10, 1904. On February 21, 1906, we entered a judgment as follows:

"The decree of the Circuit Court is reversed, and the case is remanded to that court with directions to dismiss the bill, with costs; and the appellant recovers costs of his appeal."

153 F.—61

Subsequently, and within the time fixed by our rule 29 (133 Fed. iv, 64 C. C. A. iv), the Calculagraph Company, the then complainant and the present appellee, seasonably filed a petition for rehearing, which it then might do as a matter of right in accordance with our rule and practice. This petition was denied on March 21, 1906, so that then a mandate issued on March 28, 1906. Meanwhile, after the appeal was taken, on February 2, 1905, the Calculagraph Company, the original complainant, filed a petition against Wilson, the original respondent, alleging a violation of the injunction contained in the final decree appealed from by a modified device, and praying for an attachment for contempt. A hearing was had on this petition in the Circuit Court on February 23, 1905, as the result of which an opinion was passed down on March 18, 1905. This opinion declared that Wilson was guilty of contempt, and closed as follows:

"We will not now pass upon the question of penalty, but leave it for a future decree. Let a decree therefore be entered. Defendant adjudged to be in contempt of both the preliminary and the final injunction in this case."

The final order was entered on April 25, 1906, as follows:

Order of Court.

April 25, 1906.

HALE, District Judge. Upon the return of the rule to show cause heretofore entered, and it appearing that service thereof had been had on the defendant, John C. Wilson, by delivering a copy thereof to the said John C. Wilson, and counsel having been heard in his behalf, the court finds that defendant is in contempt both of the preliminary and the perpetual injunction issued by this court in the case of Calculagraph Company v. Wilson, in equity, No. 1,749, and orders that the said defendant pay one hundred dollars fine and the costs of these proceedings, said costs being one hundred forty-five and 74/100 dollars, said fine and costs to be paid into court for the use of the petitioner, the money to be paid within ten days, or defendant to be then committed until this order is obeyed.

By the Court:                              Benj. H. Bradlee, Deputy Clerk.

Thereupon Wilson appealed to us.

It will be noticed that the hearing on the petition for an attachment the preliminary order, and the final order, were all after the judgment was entered in the Court of Appeals, and the final order was also after the mandate issued.

The essential details with reference to the foregoing proceedings to not appear in the record before us, were not referred to in the assignment of errors, and have not been given in the briefs of the parties. They have been found after personal investigation by the court and an examination of the voluminous record on appeal in the original suit. We have no doubt that we are entitled to take judicial notice of our own records, especially where the facts constitute a part of the same litigation. Cushman Co. v. Goddard, 95 Fed. Rep. 664, 665, 37 C. C. A. 221, and authorities there cited. This reference is to our own opinion passed down on June 18, 1899, and it sufficiently states the rule without regard to later decisions in which the same rule has been stated.

In Re Jugiro, 140 U. S. 291, 11 Sup. Ct. 770, 35 L. Ed. 510, it is said generally, at pages 295 and 296 of 140 U. S., pages 771 and 772 of 11 Sup. Ct. (35 L. Ed. 510), that a judgment of the Supreme Court confirming the judgment of the court below is effective from the time

of its entry, so that the court below could proceed without awaiting the issue of a mandate. In Burget v. Robinson, 123 Fed. 262, 265, 59 C. C. A. 260, decided by us on May 1, 1903, we queried whether that determination should not be regarded as peculiar to appeals under the habeas corpus act, which was the subject-matter under consideration, and whether ordinarily, in theory of law, the record is not supposed to remain in the appellate tribunal until there has been a remittitur in some form; so that perhaps it is not yet settled whether even the preliminary order of the Circuit Court in the proceeding before us occurred before or after the judgment of this court was perfected. Also, there is a question whether or not that preliminary order was effectual to any extent aside from the formal order entered on April 25, 1906. Also, under equity rule 93, which under the statute establishing this court is, at least until this time, our rule, and which only puts in form the law to the same effect as stated in Leonard v. Ozark Land Company, 115 U. S. 465, 468, 6 Sup. Ct. 127, 29 L. Ed. 445, there may be a question whether we should unqualifiedly apply to injunctions granted by the Circuit Court the quite peremptory decisions of the Supreme Court that, after a judgment of an appellate tribunal, the court below has no power to proceed except to execute the mandate which it receives. In re Gamewell Co., 73 Fed. 908, 910, 20 C. C. A. 111, decided by us on April 23, 1896.

It is evident that the proceeding of the Circuit Court now appealed against was civil in its nature, and not criminal, as explained in Bessette v. W. B. Conkey Company, 194 U. S. 324, 24 Sup. Ct. 665, 48 L. Ed. 997, in Re Christensen, 194 U. S. 458, 24 Sup. Ct. 729, 48 L. Ed. 1072, and lately in Doyle v. London Guarantee Company, 204 U. S. 599, 27 Sup. Ct. 313, 51 L. Ed. ——, in which an opinion was passed down in the Supreme Court on February 25, 1907. If it had been criminal in its nature, it would, of course have been in law a separate proceeding, and not affected by our judgment in the original case. Being of a civil character, however, and whether to be regarded as interlocutory or as on the heel of the judgment of the Court of Appeals in the original case, it might be appealed against under the broad provisions of the statute establishing this tribunal. The appellee here— that is, the Calculagraph Company—has moved to dismiss this appeal on the ground that we lack jurisdiction over the same; but that it is in error with a proceeding of this character is so clear that we need not pursue this topic further.

Wilson, the appellant here, urges on us that, under the circumstances, the Circuit Court had no power except to give effect to the mandate, and that it therefore exceeded its authority in imposing a fine as it did. We have pointed out that not only does the record laid before us fail to show on its face the facts necessary to properly understand this proposition, but that no reference is made to it in any specific form by the assignment of errors. The record also fails wholly to show that this point was brought at all to the attention of the court below. We are unable to find that, aside from this, any proposition was argued before us by the present appellant, except to the effect that the fine imposed was excessive because the violation of the injunction was purely technical, and that the decision of the Court of Appeals, in reversing

the judgment of the Circuit Court in the original cause, deprived the whole proceeding of any foundation; but the totality of the assignment of errors on the present appeal was as follows:

"And now comes the defendant and claims an appeal in this cause, and assigns therefor the following errors, viz.:

"First. That the court erred in respect to the law and facts in the case in finding defendant in contempt of court.

"Second. That the court erred in ordering defendant to pay the sum of two hundred and forty-five and twenty-four hundredths (245.24) dollars, said sum comprising the sum of one hundred (100) dollars as a fine, and one hundred and forty-five and twenty-four hundredths (145.24) dollars, the amount of court costs to complainant of the proceedings in contempt, said sum of two hundred and forty-five and twenty-four hundreths (245.24) dollars to be paid for the benefit of the complainant.

"Third. That the court erred in ordering defendant to pay the sum of two hundred and forty-five and twenty-four hundreths (245.24) dollars for being in contempt of court."

The present appellee, the Calculagraph Company, has not discussed the effect of the judgment of the Court of Appeals and its mandate on the proceedings in the Circuit Court. We are not surprised at this by reason of the facts we have stated, namely, that the assignment of errors in no way called its attention thereto, and that the record in no way indicates that the topic was laid before the Circuit Court. The effect of the insufficiency of the assignment of errors in this particular is apparently of substantial consequence. Also, the record presents no facts which would enable the court to pass understandingly on the second assignment. It it true that there are, perhaps, some cases where all that the appealing party can do is to assign generally that the judgment or the decree below was erroneous, especially where it covers both fact and law; but here it was clearly within the power of the appellant to point out whether he relied on a claim that there was no infringement by the new device, or on a claim that the judgment and mandate of the Court of Appeals deprived the Circuit Court from entering the preliminary order of March 18th, or from entering the formal order of April 26th, or whether he claimed that the order of April 26th was something more than merely putting into form the preliminary order of March 18th, or that the judgment of the Court of Appeals was conclusive in his favor on the entire merits of the present litigation.

The amount involved here is comparatively small, and no gross injustice can be done by holding the present appellant to a reasonable compliance with our practice. Were it otherwise with reference to either the one or the other, we might be justified in noticing some of the questions now presented by the appellant, Wilson, although not properly assigned, or in permitting amendments of the assignment of errors and a reargument; but, under the circumstances, we feel that this is an instance where we may properly protect ourselves by an enforcement of our rules.

The decree of the Circuit Court is affirmed, and the appellee recovers its costs of appeal.