## INTERNATIONAL PAPER CO. v. CHALOUX.

(Circuit Court of Appeals, First Circuit. December 11, 1908.)

No. 798.

1. CONTEMPT (§ 66*)—DECISIONS REVIEWABLE—JUDGMENT FOR CONTEMPT.

A judgment adjudging a party in contempt for disobedience of an order made in an action at law, which is not criminal in character, but for the protection of private rights, is not a final judgment, reviewable on writ of error.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. § 224; Dec. Dig. § 66.*]

2. CONTEMPT (§ 66*)—DECISIONS REVIEWABLE.

Where a judgment made to enforce an order by punishment of disobedience as a contempt would not be reviewable by a writ of error, the order itself is not.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. § 224; Dec. Dig. § 66.*]

Appeal from the Circuit Court of the United States for the District of New Hampshire.

Herbert I. Goss (Daniel J. Daley and Sullivan & Daley, on the brief), for appellant.

Henry F. Hollis, for appellee.

Before COLT and LOWELL, Circuit Judges, and DODGE, District Judge.

PER CURIAM. The order of the Circuit Court complained of was made in an action at law, not in a suit in equity or admiralty, and no appeal lies to this court under such circumstances. That this is true seems to be now conceded by counsel on both sides, who have suggested that they agree in desiring us to pass upon the validity of the order, and are ready to file such stipulation as may enable us to deal with it as if brought here by writ of error, instead of by appeal.

We think it equally clear, however, that this is not an order reviewable here upon writ of error. It was not made in a matter distinct from the general subject of litigation between the parties, nor did it affect any one not a party, and therefore without opportunity to be heard at final hearing in the case. Had the defendant's officers been adjudged in contempt for disobeying the order and a punishment imposed by the court, the judgment in contempt could not have been brought to this court by writ of error, because not a final judgment or decree. Such a judgment, not criminal in its nature, or imposed for public purposes, but a judgment having for its object the protection of the rights in the pending litigation of that party to the suit for whose benefit it is made, is not regarded as final. In re Debs, 158 U. S. 564, 573, 15 Sup. Ct. 900, 39 L. Ed. 1092; Bessette v. W. B. Conkey Co., 194 U. S. 324, 328, 24 Sup. Ct. 665, 48 L. Ed. 997; Doyle v. London Guarantee Co., 204 U. S. 599, 27 Sup. Ct. 313, 51 L. Ed. 641; Webster Coal Co. v. Cassatt, 207 U. S. 181, 28 Sup. Ct. 108, 52 L. Ed. 160. See, also, in this court, Wilson v. Calculagraph Co., 153 Fed. 961, 83 C. C. A. 77.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

If a judgment made to enforce the order after it had been disobeyed would not have been final for the purposes of a writ of error, the order itself cannot be treated as final for those purposes.

The appeal is dismissed for want of jurisdiction, and without costs.