· CUTTING v. VAN FLEET, District Judge, et al.

(Circuit Court of Appeals, Ninth Circuit.    June 10, 1918.)

No. 3140.

1. CONTEMPT ⬤⇒66(1)—MODE OF REVIEW—APPEAL OR ERROR.
    A proceeding for contempt, arising in connection with a suit in equity, for disobedience of an order made to enforce the rights of a private party, is civil, and is reviewable only by appeal.

2. COURTS ⬤⇒344—CONTEMPT—PROCEEDINGS FOR PUNISHMENT—ORDER TO SHOW CAUSE.
    Under equity rule 68 (198 Fed. xxxviii, 115 C. C. A. xxxviii) which provides that, where compensation is allowed to a master by the court, he shall be entitled to an attachment against the party ordered to pay the same, if upon notice he does not pay it within the time fixed by the court, it is discretionary with the court to first issue an order to show cause.

3. CONSTITUTIONAL LAW ⬤⇒83(3)—"IMPRISONMENT FOR DEBT"—IMPRISONMENT FOR FAILURE TO PAY MONEY.
    A commitment for contempt for failure to pay a master's fee awarded by the court, made on application of the master, is not an "imprisonment 'for debt," but for refusal to obey the order of the court.
    [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Imprisonment for Debt.]

4. CONTEMPT ⬤⇒60(1)—PROCEEDINGS FOR PUNISHMENT—DEFENSES—INABILITY TO PAY MONEY.
    In a proceeding for civil contempt for failure to comply with an order to pay money, the burden of proof rests on defendant to show his inability to pay, and such inability must clearly appear.

In Error to the District Court of the United States for the Second Division of the Northern District of California; Wm. C. Van Fleet, Judge.

. Henry C. Cutting was adjudged guilty of contempt by William C. Van Fleet, District Judge, and brings error adversely to such judge and H. M. Wright, standing master in chancery.    Affirmed.

In a suit in equity upon a stockholder's bill against the Monetary Trust Company, a corporation, and Henry C. Cutting, the president thereof, the court below ordered an accounting by Cutting, and referred the matter to the master in chancery for that purpose.    The master, after taking and reporting the accounting, petitioned the court to fix his compensation.    On January 16, 1918, the court fixed the compensation at $500, and ordered that it be paid by Cutting within 10 days from that date.    A copy of the order was immediately mailed to Cutting's solicitor of record, and on January 27, 1918, the master by letter informed Cutting of the purport of the order, and advised him that, if the order were not obeyed, the court would be asked to enforce the same by process for contempt.    On February 11, 1918, the marshal served upon Cutting a duly certified copy of the order, and on February 25, 1918, the order not having been obeyed, the court ordered an attachment to issue, returnable March 4, 1918.    The writ was executed, and thereupon bail was given.    On March 11, 1918, Cutting presented an affidavit erroneously stating that the order of January 16th had been served upon him on February 19, 1918 (instead of February 11th), and stating that on "said lastnamed date and ever since he has been unable to comply with the court's order, for the reason that he now and during all of said time has not had sufficient means, and is and has been during all of said time financially unable

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

to pay the said sum of $500." The court below found that Cutting had willfully and without any valid excuse neglected and refused to obey the order of January 16th, adjudged him guilty of contempt of court, and ordered that, unless within five days from that date he should pay the master $500, with interest and costs, he should stand committed to the marshal's custody until said several sums of money were paid, or until the further order of the court.

Douglas A. Nye, of San Francisco, Cal., for plaintiff in error.

H. M. Wright, of San Francisco, Cal., for defendants in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1] The order of March 11, 1918, is sought to be reviewed here by writ of error. Under the provisions of Act Sept. 6, 1916, c. 448, 39 Stat. 726, the cause will be deemed to be in this court by appeal, since the contempt charged is a civil contempt arising in connection with a suit in equity for disobedience of an order made to preserve and enforce the rights of a private party, and administer the remedy to which he is entitled, and is therefore reviewable only by appeal. Wilson v. Calculagraph Co., 153 Fed. 961, 83 C. C. A. 77; Heller v. National Waistband Co., 168 Fed. 1020, 93 C. C. A. 670; Clay v. Waters, 178 Fed. 385, 392, 101 C. C. A. 645, 21 Ann. Cas. 897; Merchants' S. & G. Co. v. Board of Trade of Chicago, 201 Fed. 20, 26, 120 C. C. A. 582.

[2] It is contended that the summary issuance of attachment, without having first issued an order to show cause upon the appellant, constitutes reversible error. Equity rule 68, (198 Fed. xxxviii, 115 C. C. A. xxxviii) which provides that, when compensation is allowed by the court, the master shall be entitled to an attachment for the amount against the party who is ordered to pay the same, "if, upon notice thereof, he does not pay it in the time prescribed by the court," makes no provision for an order to show cause, and, while an order to show cause may properly be issued in contempt proceedings, the question whether or not it shall issue is one that rests in the discretion of the court. In re Steiner (D. C.) 195 Fed. 299; American Const. Co. v. Jacksonville T. & K. W. Ry. Co. (C. C.) 52 Fed. 937; Fanshawe v. Tracy, 4 Biss. 490, Fed Cas. No. 4,643; United States v. Green, 3 Mason, 482, Fed. Cas. No. 15,256; Wartman v. Wartman, Taney, 362, Fed. Cas. No. 17,210. In the present case there was clearly no abuse of discretion, for the appellant had due notice of all the proceedings from the time of the entry of the original order upon him to pay the master's fees, and made his appearance to show cause, and a rule to show cause could have served no useful purpose.

[3] It is contended that by the order which is appealed from the appellant is imprisoned for failure to pay a debt, and that, since the Constitution of California provides that no person shall be imprisoned for debt in any civil action, except in cases of fraud, etc., and section 990, Rev. Stats. (Comp. St. 1916, § 1636) requires the courts of the United States to conform to the laws of the state in regard to imprisonment for debt, the court below was without jurisdiction to make the order; and the appellant cites Mallory Manuf'g Co. v. Fox (C. C.)

20 Fed. 409, and Nelson, Morris & Co. v. Hill (C. C.) 89 Fed. 477. In the first of those cases it was held that equity rule 82 (now rule 68) cannot be invoked by a party to enable him to collect from the opposite party disbursements for master's fees which could be taxed as part of the costs in the final decree. The court said that rule 82 was for the benefit of the master, and must be enforced upon his application, and for his protection, and that it could not be invoked by a party to the suit. A similar ruling was had in the second case so cited; the court holding that, if an attachment would not be allowed to enforce the payment of the main decree, none could issue to enforce payment of the master's fee.

The answer to the appellant's contention is that the order here made is not for the benefit of a party to the suit, and is not of the character of a judgment or decree for the payment of money, or a debt found due to the master. The proceeding is in contempt for refusal to obey an order of the court. The obligation to pay does not arise out of contract. It rests solely upon the order of the court. It operates upon the appellant in personam. Samel v. Dodd, 142 Fed. 68, 73 C. C. A. 254; Meeks v. State, 80 Ark. 579, 98 S. W. 378; Wightman v. Wightman, 45 Ill. 167; Carlton v. Carlton, 44 Ga. 216. Rule 68 has taken away the right of the master to hold his report until the payment of his compensation, and has given him in lieu thereof the right to the remedy of attachment. The power to order payment of the master's compensation is essential to the court's procedure, and to the timely exercise of its functions. In 13 C. J. 87, it is said:

"Inasmuch as the constitutional prohibition of imprisonment for debt does not take away the power of the judge to commit to jail for contempt, imprisonment to compel compliance with the mandate of a court, order, decree, etc., is generally authorized if defendant is financially able to comply therewith."

[4] But the appellant contends that by his affidavit he has shown his financial inability to comply with the order. It is true that, in cases of civil contempt for failure to comply with an order to pay money, the defendant may show in defense that he is financially unable to comply. But the showing must be satisfactory, and "the inability to pay must clearly appear." 13 C. J. 20; In re Strong, 111 App. Div. 281, 97 N. Y. Supp. 459, affirmed 186 N. Y. 584, 79 N. E. 1116; In re Murray's Estate, 6 App. Div. 376, 39 N. Y. Supp. 579; Smith v. Smith, 92 N. C. 304; People v. Zimmer, 238 Ill. 607, 87 N. E. 845. And the burden of proof to show inability to pay is upon the defendant. In re Strong, supra. The appellant's affidavit does not meet these requirements. It states that on February 19, 1918, and ever since, the deponent "has been and is now unable to comply with the terms of said order," for the reason that this deponent has not now, and during all of said time has not had, sufficient means, and is and has been during all of said time financially unable to pay said sum of $500. There is failure to state that the appellant owns no property, real or personal, out of which $500 could be realized, or that he has no property concealed, or transferred to others, or other resources

out of which he might pay the required sum. This affidavit was made on March 11, 1918. It is notable that in his affidavit of March 1, 1918, presented to show cause why he had not paid the master's compensation, he made no excuse of financial inability, but relied upon the defense that if he paid the master's fees, and the decision of the court were subsequently reversed on appeal, he would lose that sum, for the reason that the plaintiffs were residents of the state of Illinois, and he would be required to expend a greater sum than $500 to recover back from them the money so paid.

The order is affirmed.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes