First National Bank of Welch, *Receiver v.* J. Howard
Anderson *et al.* Central Trust Company, *Receiver,*
*Appellant.*

(No. 7195)

Submitted February 9, 1932.    Decided February 16, 1932.

*Brown, Jackson & Knight,* for appellant.
*Strother, Sale, Curd & St. Clair,* for appellee.

Woods, Judge:

Prior to December 24, 1927, the Wyoming County Bank
and the Bank of Davy, both state institutions, were going con-
cerns.   The latter held and owned five shares of the capital
stock of the former, of the par value of $100.00 per share.
On the date aforesaid, the Bank of Davy was closed and a
receiver appointed, and the usual legal proceedings insti-
tuted.   On October 23, 1928, the circuit court of McDowell
county entered a decree, based on the commissioner's report,
directing the receiver to pay certain creditors and depositors
certain stated sums of money.   A month later, to-wit, on
November 22nd, the Wyoming County Bank was closed, and
on April 19, 1930, was reported insolvent.   An assessment
was then and there made against all of its stockholders for

double liability, and notice thereof promptly given the Bank of Davy and its receiver. Suit was instituted by the receiver of Wyoming County Bank in January, 1931, and at the July term, a decree was entered, in which the Bank of Davy was declared to be liable to the extent of the assets in, or to come into the hands of its receivers, to the receiver of the Wyoming County Bank, for the sum of $500.00, reserving to the latter the right to appear in the suit pending in the circuit court of McDowell county, by petition or otherwise, and to apply for a decree providing for the satisfaction of such liability. Thereupon a petition was filed in the McDowell county suit praying for a decree therein directing the receiver of the Bank of Davy, who still has in its hands ample funds to take care of the claim and all receivership expenses, to pay to the receiver of the Wyoming County Bank a 75% dividend on its $500.00 claim, such per centum having been already received by the other creditors of the Bank of Davy of the same rank and priority. In the decree of September 26, 1931, the circuit court of McDowell county substantially refused the relief prayed for, but in lieu thereof directed the receiver of the Bank of Davy to pay hereafter to the receiver of the Wyoming County Bank, dividends equal and proportionate in amount to those which it should hereafter pay to the other creditors of the same rank. It is from this decree that the present appeal is prosecuted.

The questions here submitted for the court are as follows: Shall the Central Trust Company, receiver for the Wyoming County Bank, be allowed to share in the assets of the Bank of Davy ratably with the other unpreferred creditors, or shall it be paid dividends only which hereafter shall be declared and paid from the said assets ratably with unpreferred creditors, or shall the rights of the Central Trust Company, receiver, with the Wyoming County Bank as adjudicated by the circuit court of Wyoming county be subordinated and be paid only after the payment in full of all the claims adjudicated by the circuit court of McDowell county in its decree of October 23, 1928?

The appellant relies upon the statute enacted in 1929 (Code 1931, 31-8-32):

"When the report of such commissioner is confirmed, the court shall enter such orders and decrees and take such proceedings as are proper to ascertain the several depositors and creditors of such banking institution * * * and adjudicate their respective rights and direct the distribution of the assets and funds in the hands of the receiver and confirm any distribution made under orders of the commissioner of banking, and may confirm any and all sales made by such receiver of property and assets of such banking institution * * *. Any creditor whose claim is not presented and allowed before any decree of distribution becomes final shall be forever barred from participating in the funds distributed under such decree, or theretofore distributed and confirmed by such decree, and shall have no claim by reason of such distribution against any creditor sharing therein or against the commissioner of banking, the receiver, or any surety upon the receiver's bond. *Any claim which shall have been proved and allowed after any dividend or distribution has been made by the receiver, shall be paid dividends equal or proportionate in amount to those already received by the other creditors of the same rank and priority, if the funds and assets in the hands of the receiver are sufficient therefor, before such other creditors receive any further dividend or distribution.*"

The italicized portion is relied upon by the appellant as supporting his contention that any creditor of an insolvent bank is entitled to have its claim allowed along with other creditors of the same rank, *so long as there has not been a final distribution of the assets,* and so long as the receiver has in his hands sufficient to take care of such belated creditor. Creditors are allowed to come in and prove and take their share of any funds in court for distribution among creditors at any time before actual distribution has been made. *Ohio Life & Trust Co.* v. *Winn,* 4 Md. Ch. 253. It will be remembered that after the receiver disbursed to creditors the 75% that there remained in the hands of the receiver the sum of $500.00. There was no undue delay in presenting the claim. According to the facts and circumstances the claim could not have been sooner presented because it was not liquidated. Courts have always been fav-

orable to the payment of a belated creditor who has a reasonable excuse for delay, before the final distribution of assets. *Wall* v. *Young,* 54 N. J. Eq. 24; *Smith* v. *Manhattan Ins. Co.,* 4 Hun. 127. The court may at any time before final distribution by the receiver of an insolvent corporation allow the claimant to come in and enforce his rights. *People* v. *American Loan & Trust Co.,* 80 N. Y. S. 627, 39 Misc. Rep. 647, modified 84 N. Y. S. 114. So, according to this Court's construction of the statute hereinbefore quoted, the appellant is not precluded from presenting the claim because it was not presented to the commissioner in chancery to whom the case was referred, and having it allowed along with those claims decreed at 75% thereof, and the decree will be reversed to that extent.

*Reversed and remanded.*