**In re JAN W. PARIS, Inc.**

District Court, S. D. New York.
Aug. 11, 1937.

288

Krause, Hirsch & Levin, of New York City, for trustee.

Bernard G. Heyn, of New York City, in pro. per.

LEIBELL, District Judge.

The trustee in bankruptcy of the above-named estate instituted a proceeding under section 60d of the Bankruptcy Act (11 U.S. C.A. § 96(d) for a re-examination of a fee paid by the bankrupt to the respondent, Bernard G. Heyn, prior to the filing of the petition in bankruptcy.

The result of this proceeding was an order of the referee in bankruptcy directing the respondent to pay the trustee in bankruptcy the sum of $2,375. It was found that the bankrupt, in contemplation of bankruptcy, had paid respondent the sum of $3,375 for future services to be rendered and that, after allowing respondent the sum of $1,000 as the reasonable value of services thereafter actually performed, the balance of $2,375 should be returned to the trustee.

The referee's order, dated June 20, 1934, was confirmed by the District Court December 1, 1934, on an opinion written by Judge Caffey (11 F.Supp. 77). This decision was affirmed, without opinion, by the Circuit Court of Appeals June 5, 1935 (77 F.(2d) 1003).

The order of the referee, dated June 20, 1934, and the order of the District Court, dated December 1, 1934, were served personally upon the respondent, but he maintains that he was not personally served with the order of this court, dated June 15, 1935, by which the mandate of the Circuit Court of Appeals was made the order of this court. This present motion is for an order punishing the respondent "as and for a contempt of this court for failure to comply with the order of this court, dated June 15, 1935, and for such other and further relief as to the Court may seem just and proper in the premises." The order of this court, dated June 15, 1935, contained the following provision:

"Ordered, adjudged and decreed that Bernard G. Heyn be and he hereby is directed within five days after the entry of this order, and service of a copy thereof at his office, at 22 East 40th Street, Borough of Manhattan, City of New York, and the office of the attorneys of record, Hammond & Littell, at 22 East 40th Street, Borough of Manhattan, City of New York, to turn over and pay to the Irving Trust Company as Trustee in Bankruptcy of the estate of Jan W. Paris, Inc., bankrupt, the sum of $2,375.00, the property of the said bankrupt estate, together with interest on said sum from the 20th day of June, 1934, together with $25.00 costs as aforesaid."

Although this order of June 15, 1935, was not personally served on the respondent, it was served upon his attorneys who had appeared for him on the appeal, as a result of which the mandate was issued. Further, he has had knowledge of the order for a long time and has not complied with it.

The petition of the trustee in bankruptcy recites that no part of the sum directed to be returned to the trustee has been paid by the respondent, but there is no allegation in the petition that the failure to do so was wilful. In opposition to the motion, the respondent has submitted affidavits in which he states that he was financially unable to obey the order of the referee and the subsequent orders of the court at the time they were issued and that at no time since has he been financially able to pay $2,375 or any part thereof to the trustee. Nowhere in the papers upon this application are these statements of the respondent controverted, but the fact of respondent's trips to Europe and that he was actively engaged in the practice of law indicates he might have had some funds. The respondent furnished some explanation of what happened to the sum of money paid him by the bankrupt, namely, that more than six weeks prior to the filing of the petition in bankruptcy, he purchased New York Central Railroad bonds, thereafter pledging them as collateral with his broker and lost them as a consequence of the falling market in 1932.

Under the circumstances, I feel that the direction of the Circuit Court of Appeals of this Circuit in the Matter of Byrd Coal Co. Inc. (McCabe v. Mandelbaum), 83 F. (2d) 256, is applicable and that this trustee should follow the course therein indicated:

"We agree with the judge that for failure to obey an order made under section 60d of the Bankruptcy Act, 11 U.S.C.A. § 96(d), the respondent cannot be imprisoned unless it is shown that he can comply. The trustee's attorney said at the argument before us that he conceded that the respondent could not now pay, and perhaps upon that we might affirm the order; but we are not content to adopt this course. The respondent's effort to purge himself is not explicit enough (see Cutting v. VanFleet, 252 F. 100, 102 [C.C.A.9]); he must categorically and in detail swear to the extent of his present resources of all kinds, not merely from his profession, and particularly he must show what became of the money which he wrongfully took from the bankrupt. The trustee should search his conscience by the most unsparing pursuit. If it then appears that he has nothing with which to pay, he must be discharged upon this proceeding; but it by no means follows that the matter should end. It would seem imperative that some disciplinary inquiry as to his conduct should then follow".

In the present proceeding, the affidavit submitted by the respondent recites that the trustee's attorneys have been given detailed information concerning the respondent's financial condition, showing a state of destitution. Respondent's affidavit further recites: "Respondent offers to repeat such statements under oath and to give the trustee an opportunity to verify the said statements. The trustee did not deem it proper to accept this offer." This averment of the respondent is not denied in the replying affidavit of the attorney for the trustee.

The present application to punish the respondent for contempt is denied, but without prejudice to a renewal thereof after the trustee, accepting the respondent's offer to testify under oath concerning his ability to comply with the orders of this court directing him to turn over and pay to the trustee the aforesaid sum of $2,375, conducts a searching examination of respondent, such as is indicated in the opinion in the Byrd Coal Co., Inc. Case, supra.

Settle order on notice.